**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **VIRGIL HICKEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. 3:13-0937** |
| | ) | **JUDGE SHARP/KNOWLES** |
| | ) | |
| **WEBB'S REFRESHMENTS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Second Motion to Dismiss." Docket No. 28. Defendant has filed a supporting Memorandum. Docket No. 28-1.

When this action was filed, Plaintiff was represented by counsel. Docket No. 1. Plaintiff's counsel was later allowed to withdraw, and the Court entered an Order requiring Plaintiff to either have substitute counsel file a Notice of Appearance, or to notify the Court of his intent to proceed pro se. Docket No. 17. Plaintiff did not comply with that Order.

While Plaintiff was still represented by counsel, Defendant filed a Motion to Compel (Docket No. 11). Plaintiff's counsel filed a Response in Opposition to the Motion to Compel, which essentially asked for an additional 60 days in which to respond to Defendant's discovery because of the withdrawal of his counsel. Docket No. 12. The Court granted that Motion in part, requiring Plaintiff to respond to Interrogatories and Requests for Production on or before May 25, 2014 (Docket No. 19). Despite having an additional 60 days, Plaintiff did not comply with that Order.

The instant Motion also states that Defendant sent Plaintiff a certified letter on June 3, 2014, explaining that his lack of activity was in violation of two Court Orders. The letter was signed for by Plaintiff on June 9, 2014. The letter indicated that the Second Motion to Compel would be filed seeking dismissal of this action. Plaintiff apparently failed to respond to that letter as well.

The Court notes that Plaintiff has not filed a Response to the instant Second Motion to Dismiss.

For the foregoing reasons, the undersigned recommends that the instant Motion (Docket No. 28) be GRANTED and that this action be dismissed with prejudice. The undersigned, however, does not recommend an award of attorneys fees and expenses.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge